IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DONALD DOUGLAS,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, WAL-MART STORES, INC. EMPLOYEE LONG TERM DISABILITY BENEFITS PLAN, and DOES 1–50,

    Defendants.

No. C 05-03408 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

After plaintiff's disability benefits were terminated, the instant action was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. 1132. Plaintiff prevailed on summary judgment. The matter was remanded to the plan fiduciary for reconsideration. The Court held that the plan administrator had abused its discretion by terminating plaintiff's benefits without conducting a more thorough investigation. Judgment was entered in favor of plaintiff. He now seeks attorney's fees. This order considers the Ninth Circuit's balancing factors and finds that an award of fees would be premature.

Under 29 U.S.C. 1132(g)(1), a court has discretion to award reasonable attorney's fees and costs. The Ninth Circuit has also found that ERISA "should be liberally construed in favor of protecting participants in employee benefits plans," and that a plan participant or beneficiary who prevails in his suit under Section 1132 "should ordinarily recover an attorney's fee unless

special circumstances would render such an award unjust." *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted). The Ninth Circuit has identified five factors to consider in deciding whether to award attorney's fees and costs:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

The final factor — the relative merits of the parties' positions — is open to two interpretations in the instant case. That ambiguity is determinative, rendering it premature to decide the issue of fees and costs now. On one hand, the Court ruled in plaintiff's favor that defendants abused their discretion by terminating his benefits without conducting a more thorough investigation and/or advising him of the specific type of information necessary to perfect his claim (Order Denying Mot. for Summary J. 9). To that extent, plaintiff's position was more meritorious than that of defendants. There has been, however, no determination of the ultimate issue in this action: whether or not plaintiff was entitled to benefits. It may turn out that plaintiff's position that he was entitled to benefits has no merit. This order holds that, given that the controversy is not over and that it is unclear to what degree plaintiff ultimately will prevail, an award of fees now would be premature. If plaintiff prevails ultimately and receives benefits, he might be entitled to fees and costs beyond those he could justify now. If he ultimately fails, the relative merits of the parties may be materially different than they are now — perhaps weighing substantially more in defendants' favor. Plaintiff may make a new motion for fees after the ultimate benefits determination is made.

*Saffle v. Sierra Pacific Power Co. Bargaining Unit Long Term Disability Income Plan*, 85 F.3d 455 (9th Cir. 1996), held that a plan administrator had abused its discretion when it misconstrued a disability-insurance plan and applied the wrong standard to determine entitlement to benefits. It remanded the case to the administrator for reevaluation. The court then denied plaintiff's request for attorney's fees on appeal on the grounds that such an award

2

would be "premature." The court did not explain why the award would be premature. The only apparent, reasonable basis for this finding, however, was that the ultimate decision had not been made as to the plaintiff's entitlement to benefits. Just as no ultimate decision had been made in *Saffle*, none has been made here. *Id.* at 456–57, 461.

Plaintiff contends that *Saffle* is inapposite because it ruled on attorney's fees incurred on appeal. This distinction does not eliminate the fact that the ultimate decision has not been reached in the instant case, thereby making it prudent and more efficient to wait until after a final decision to decide the fees issue.

Because the uncertainty on this particular *Hummel* factor is determinative, there is no need to make a final determination on the other *Hummel* factors. At this point, however, the Court finds that two of the other *Hummell* factors cut in defendants' favor. There has been no finding of bad faith on their part. This action directly benefitted only plaintiff. No significant legal issue was addressed. Two other factors support plaintiff. Defendants have the ability to satisfy an award of fees, and have acknowledged such in their opposition brief (Opp. 6). Additionally, an award of fees will encourage defendants and others to investigate claims more carefully and thoroughly.

For the reasons stated, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 11, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3